IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UMAR CLARK,<br><br>            Plaintiff,<br><br>    v.<br><br>CARVANA, *et al.*,<br><br>            Defendants. | CIVIL ACTION<br><br>NO. 1:21-cv–01113-AT-RGV |

### FINAL REPORT AND RECOMMENDATION

On March 17, 2021, plaintiff Umar Clark ("Clark"), proceeding *pro se*, sought to file this action against defendants Carvana and Bridgecrest, jointly referred to as "defendants," alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Truth in Lending Act, 15 U.S.C. § 1602 et seq. ("TILA"), without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Docs. 1 & 4].[1] On April 28, 2021, the Court issued an Order, granting Clark's request to proceed *in forma pauperis*, but ordering him to file an amended complaint within fourteen days to address the deficiencies noted within that Order, including by setting forth sufficient allegations to state a plausible claim under the Federal Rules of Civil Procedure. See [Doc. 3]. The Court also

---

[1] The listed document and page numbers in citations to the record in this Final Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

cautioned him that "failure to timely file the amended complaint [would] result in a recommendation that this action be dismissed." [Id. at 12].[2] Clark has failed to file an amended complaint within the time allowed, and, therefore, he has not complied with the April 28, 2021, Order. [Doc. 3]. Accordingly, for the reasons that follow, it is **RECOMMENDED** that Clark's complaint, [Doc. 4], be **DISMISSED** for failure to obey the Court's Order and failure to state a claim.

"Pursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) (citing Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3] "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (first alteration in original) (internal marks omitted) (quoting Link v. Wabash R.R., 370

---

[2] The Clerk mailed a copy of the Court's Order to the mailing address provided by Clark on April 28, 2021, see [Docket entry dated 04/28/2021], and the docket does not indicate that it has been returned as undeliverable.

[3] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

U.S. 626, 630 (1962)). Additionally, Local Rule 41.3(A)(2) provides in pertinent part that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case[.]" LR 41.3(A)(2), NDGa.; see also Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing *pro se* plaintiff's complaint where he failed to obey court orders as well as comply with the Local Rules and was warned that such failure could result in sanctions, including dismissal). Since Clark has not filed an amended complaint as ordered, this action is due to be dismissed for failure to comply with the Court's April 28, 2021, Order. See [Doc. 3].

Clark's complaint also is due to be dismissed upon frivolity review for failure to state any plausible claim. A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint

that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). "Unsupported conclusory factual allegations [] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

Moreover, in order to state a claim on which relief can be granted, Clark's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Clark must clearly state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint. See 28 U.S.C. § 1331. However, because Clark is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

therefore, be liberally construed." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation and internal marks omitted).[4]

Clark's complaint alleges claims against defendants pursuant to the FDCPA and TILA, and although his allegations are not entirely clear, as discussed in the April 28, 2021, Order, [Doc. 4]; see also [Doc. 3 at 3 (citation omitted)], a Retail Installment Contract and Security Agreement attached to Clark's complaint reflects that on January 21, 2021, he purchased a used 2013 Toyota Avalon from Carvana and agreed to pay $11,315.58, plus finance charges accruing on the unpaid balance at the rate of 27.9 percent per year, [Doc. 4 at 6-7]. Clark's specific allegations include that defendants are debt collectors who violated the FDCPA; defendants failed to provide proper disclosures and notices under TILA; and defendants engaged in identity theft in connection with his credit application for the automobile purchase in violation of 18 U.S.C. § 1028A. [Id. at 2-4 ¶¶ 9, 11-12, 14-18].

---

[4] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted).

As previously discussed in the April 28, 2021, Order, Clark's complaint is deficient for several reasons.  [Doc. 3 at 6].  First, Clark fails to state a plausible claim for relief under the FDCPA because his complaint "totally omits any factual content that would enable the Court to infer that defendants qualify as debt collectors, and his conclusory, formulaic recitation of the statutory language is insufficient"; it does not include any "facts related to debt collection activity," nor does the complaint "identify or attach any communication from defendants to him"; and it "does not identify a single specific provision of the FDCPA that defendants allegedly violated[.]"  [Id. at 6-7 (alterations, citations, and internal marks omitted)].  Next, his complaint does not state a claim under TILA because he relies on 15 U.S.C. § 1611, but "this section imposes criminal liability and cannot support a private civil cause of action"; he contends that defendants failed to provide him notice of the right to rescind, but such a right only applies to transactions in which a security interest is retained or acquired in property used as the individual's principal dwelling, whereas in this case, Clark "bases his TILA claim on a credit transaction for the purchase of an automobile, which did not involve a security interest in his home" and thus, "he had no right to rescission that would have required disclosure"; he states that defendants failed to provide him with closing disclosures, but does not identify any specific disclosures that should have been made; and he otherwise fails to provide sufficient factual

allegations to support any plausible claim for relief. [Id. at 8-10 (citations omitted)]. Additionally, to the extent that Clark intended to assert a claim for identity theft pursuant to 18 U.S.C. § 1028A, he "is a private citizen and does not have standing to bring a case under section 1028A because it is a criminal statute." [Id. at 10-11 (citations and internal marks omitted). Therefore, Clark fails to state any plausible claim for relief, and his complaint does not meet the requirements of the Federal Rules of Civil Procedure.

In short, because Clark failed to amend his complaint as instructed, and he has not adequately pled sufficient allegations to support any plausible claim, it is **RECOMMENDED** that his complaint, [Doc. 4], be **DISMISSED WITHOUT PREJUDICE** for failure to obey the April 28, 2021, Order and failure to state a claim.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 19th day of May, 2021.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE